UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
SHANTA Y. CLAIBORNE,

                Plaintiff,                            **MEMORANDUM & ORDER**
                                                                             17-CV-5482 (MKB)
                v.

BARACK OBAMA,

                Defendant.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Shanta Y. Claiborne, proceeding *pro se*, filed the above-captioned action on September 18, 2017, against Barack Obama, the 44th President of the United States. (Compl., Docket Entry No. 1.) Plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, (*see id.*), and filed a request to proceed *in forma pauperis*, (Pl. Mot. for Leave to Proceed *in forma pauperis*, Docket Entry No. 2). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

**I. Background**

      The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. Plaintiff appears to allege that after she applied for employment, she "was terrorized [and] assaulted," "due to being connected" to former-President Obama. (Compl. 5–6.) From 2002 through 2017, she suffered "civil abuse" from the "Commander-in-Chief[']s council." (*Id.*) Plaintiff requests that "the Court review statements of damages that will be submitted in this Court" and "ask[s] for relief and [an] order granting nonsuit without prejudice."

(*Id.* at 6.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this principal is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A claim is "frivolous" when it lacks "an arguable basis in either law or fact." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 120 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A court should dismiss an action as frivolous when "either:

(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

### b. Plaintiff's claim is frivolous

Here, the factual contentions of the Complaint are "clearly baseless." *Livingston*, 141 F.3d at 437. Plaintiff does not allege any facts from which the Court can infer that she "was terrorized [and] assaulted" or suffered "civil abuse" due to her connection to President Obama, much less any facts from which the Court can infer that Defendant is liable for the harm she suffered. *See Samuel v. Bloomberg*, No. 13-CV-6027, 2013 WL 5887545, at *1 (E.D.N.Y. Oct. 31, 2013) (dismissing claims against President Obama as frivolous).

The Court finds that Plaintiff's claim is frivolous. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *Bussie v. IRS Comm'r*, Nos. 16-CV-7006, 17-CV-157, 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017).

## III. Conclusion

For the foregoing reasons, the Complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days to amend the Complaint in order to state a claim upon which relief can be granted. Plaintiff is reminded that an amended complaint completely replaces the original Complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as

this order. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: April 18, 2018
　　　　Brooklyn, New York